UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFF KEITHLEY, individually and on behalf of those similarly situated ) ) ) Plaintiff, ) ) v. ) ) ECLIPSE ADVANTAGE, INC., ) ) Defendant. ) | CAUSE NO. 1:11-cv-1072-RLY-TAB |

### ANSWER AND DEMAND FOR JURY TRIAL

Defendant Eclipse Advantage, Inc. ("Eclipse") answers the Complaint filed by Plaintiff Jeff Keithley ("Plaintiff") as follows:

### First Defense:  Admissions and/or Denials

### OVERVIEW

1. Eclipse denies the averments in paragraph 1 of Plaintiff's Complaint.

### PARTIES

2. Eclipse admits the averments in paragraph 2 of Plaintiff's Complaint.

3. Eclipse denies that there are other "similarly situated" employees.  Eclipse admits the remaining averments in paragraph 3 of Plaintiff's Complaint.

### JURISDICTION

4. Eclipse admits the averments in paragraph 4 of Plaintiff's Complaint.

### VENUE

5. Eclipse admits the averments in paragraph 5 of Plaintiff's Complaint.

## FLSA COVERAGE

6. Eclipse admits the averments in paragraph 6 of Plaintiff's Complaint.

7. Eclipse admits the averments in paragraph 7 of Plaintiff's Complaint.

## FACTS

8. Eclipse admits the averments in paragraph 8 of Plaintiff's Complaint.

9. Eclipse admits the averments in paragraph 9 of Plaintiff's Complaint. Eclipse further avers that at all times Plaintiff was, and is, a "team lead".

10. Eclipse admits that Plaintiff's compensation is based, in part, upon a percentage of revenue that he and his co-workers generate for Eclipse. Eclipse denies the remaining averments in paragraph 10 of Plaintiff's Complaint.

11. Eclipse admits that in 2011 Plaintiff has regularly worked hours in excess of 40 per week, within the meaning of the FLSA. Eclipse denies that in 2010, commencing with Plaintiff's date of hire therein, Plaintiff regularly worked hours in excess of 40 per week, within the meaning of the FLSA.

12. Eclipse denies the averments in paragraph 12 of Plaintiff's Complaint.

## COLLECTIVE ACTION ALLEGATIONS

13. Eclipse admits the averments in paragraph 13 of Plaintiff's Complaint.

14. Eclipse denies the averments in paragraph 14 of Plaintiff's Complaint.

15. Eclipse denies the averments in paragraph 15 of Plaintiff's Complaint.

16. Eclipse denies the averments in paragraph 16 of Plaintiff's Complaint.

17. Eclipse denies the averments in paragraph 17 of Plaintiff's Complaint.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. Eclipse incorporates its responses to paragraphs 1 through 17, inclusive, of Plaintiff's Complaint.

19. Eclipse denies the averments in paragraph 19 of Plaintiff's Complaint.

20. Eclipse denies the averments in paragraph 20 of Plaintiff's Complaint, denies all allegations not expressly admitted in this answer and denies that Plaintiff is entitled to any relief based on the matters alleged in the Complaint.

### Second Defense

The Complaint fails to state a claim on which relief may be granted, because it fails to specify why Plaintiff is not paid overtime compensation "at the rate prescribed by the FLSA," as alleged in paragraph 12.

### Third Defense

Plaintiff's compensation package includes premium pay for overtime hours worked at one and one-half times his "regular rate" within the meaning of the FLSA.

### Fourth Defense

Plaintiff has received compensation for all straight-time and overtime hours worked at his "regular rate" within the meaning of the FLSA.

### Fifth Defense

Any claimed differential in pay resulting from the type of violation alleged by Plaintiff is *de minimus*, or results in an overpayment to Plaintiff pursuant to Section 7(h)(2) of the FLSA, because Plaintiff has been paid extra compensation at a premium rate for hours worked in excess of the maximum workweek.

### Sixth Defense

Plaintiff is a "team lead" whose compensation formula is different from other Eclipse employees, both at the Greenwood, Indiana site at which Plaintiff is employed and at other Eclipse sites.  As such, Plaintiff is not an appropriate representative of employees other than team leads employed at the Greenwood, Indiana site.

### Seventh Defense

Eclipse's compensation formula at the Greenwood, Indiana site at which Plaintiff is employed is different from the compensation formulas at Eclipse's other sites.  Therefore, Plaintiff is not an appropriate representative of employees other than employees employed at the Greenwood, Indiana site.

### Eighth Defense

Plaintiff is employed on a "commission" basis in a "retail or service establishment" within the meaning of Section 7(i) of the FLSA; and he is therefore an exempt employee to whom no overtime compensation need be paid.

### Ninth Defense

Any claimed violation of the FLSA was not "willful" within the meaning of the FLSA.  Therefore, the FLSA's two-year statute of limitations applies; and no liquidated damages may be claimed.

### Tenth Defense

Plaintiff's claim is frivolous and without foundation, as a matter of fact and of law.  Eclipse is therefore entitled to an award of attorneys' fees incurred in its defense.

WHEREFORE, Defendant Eclipse Advantage, Inc. prays that Plaintiff's complaint be dismissed; and that Eclipse be awarded costs and attorneys' fees incurred in its defense.

## DEMAND FOR JURY TRIAL

Defendant, Eclipse Advantage, Inc. hereby demands trial by jury on all issues triable as of right before a jury.

BAKER & DANIELS LLP

By: s/Ellen E. Boshkoff

Ellen E. Boshkoff, #16365-49
300 North Meridian Street
Suite 2700
Indianapolis, IN  46204
Phone: (317) 237-0300
Fax:  (317) 237-1000
Email:  ellen.boshkoff@bakerd.com

Attorneys for Defendant
Eclipse Advantage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following counsel:

Philip J. Gibbons, Jr.
Andrew G. Jones
GIBBONS JONES, P.C.
10401 N. Meridian Street, Suite 130
Indianapolis, IN  46290
pgibbons@gibbonsjones.com
ajones@gibbonsjones.com

s/Ellen E. Boshkoff