UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFF KEITHLEY, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO: 1:11-cv-1072-TAB-RLY ) |
| ECLIPSE ADVANTAGE, INC., | ) ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Jeff Keithley ("Keithley" or "the Representative Plaintiff"), individually and on behalf of others similarly situated and Defendant, Eclipse Advantage, Inc. ("Defendant"), by their respective counsel, hereby jointly seek approval of the parties' Settlement Agreement and Release ("Agreement") referenced as Exhibit A.  The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

1. On August 8, 2011, Keithley filed the instant action (the "Action").

2. In the Action, Keithley alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* individually and on behalf of other similarly-situated employees.  Keithley sought unpaid wages, including overtime, liquidated damages, and attorneys' fees and costs on behalf of himself and other employees who affirmatively opted-in to a certified collective action.

3. On March 1, 2012, the Representative Plaintiff filed a Motion for Conditional Certification and Notice to Potential Plaintiffs.  On June 4, 2012, the Parties jointly filed an Agreed Stipulation and Order Concerning Notice ("Stipulation").  This Court approved the Stipulation on June 6, 2012.  Shortly thereafter, Keithley sent the court-approved Notice to over 1800 putative members of

the collective class, 323 of whom, including the Representative Plaintiff, ultimately filed valid consents to join the Lawsuit (the "Plaintiffs").

4. On January 17, 2013, Defendant tendered a collective Rule 68 Offer of Judgment, for the purpose of resolving all claims in the Complaint that were collectively asserted by the Plaintiffs. The Offer represented full and complete compensation to Plaintiffs according to Defendant's payroll records based on Plaintiffs' theory of litigation, plus liquidated damages, plus attorneys' fees and litigation costs. The Offer was not accepted. The Settlement Agreement now presented to the Court provides for payment of almost twice (1.85 times) the amount of the Offer of Judgment, inclusive of attorneys' fees, litigation costs, and settlement administration expenses; and the aggregate sum to be distributed to the plaintiffs after payment of attorneys fees, costs of litigation, and costs of administration is more than 50% greater than the amount of full and complete compensation, plus liquidated damages, according to Defendant's payroll records.

5. Settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986), *citing Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement is normally approved "where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel.'" *Burkholder v. City of Fort Wayne*, 750 F.Supp.2d 990, 995 (N.D. Ind. 2010).

6. The parties have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution and defense of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to the settlement agreement, that a settlement on the terms set forth in the settlement agreement is fair, reasonable, and adequate, and in the best interests of the parties. Although vigorously disputed by Defendant during the

Action, for settlement purposes only Defendant has agreed that the class conditionally certified by the Court is an appropriate FLSA collective class; that the Representative Plaintiff is an appropriate representative of the class; and that all of the 323 Plaintiffs are appropriately included within the class and are thereby eligible to receive a settlement payment.

7.  This litigation has been pending for more than two years.  The settlement reached by the parties is the result of extensive investigation, discovery and negotiations between the parties to resolve this matter.  The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Keithley and the Plaintiffs in this matter, and also take into consideration the inevitable risks of litigation and the defenses that would be raised by Defendant if this matter were to proceed.

8.  The settlement was negotiated at arm's length, by experienced counsel concerning *bona fide* disputes between their clients with respect to liability and the amount due under the FLSA for allegedly unpaid wages, overtime compensation, compensatory damages, liquidated damages, and attorneys' fees.

9.  The proposed settlement secures generous monetary relief for the Plaintiffs.  The total aggregate sum for distribution to Plaintiffs (after payment of attorneys' fees, litigation costs, costs of administration, and a service payment to the Representative Plaintiff) represents full compensation to Plaintiffs pursuant to Defendant's payroll records, plus a significant percentage of overtime wages claimed by Plaintiffs based on unrecorded hours ("off-the-clock"), plus liquidated damages equal to total overtime wages.

10.  The proposed settlement also includes payment of attorneys' fees and costs to Gibbons Jones, P.C., counsel for Plaintiffs. Gibbons Jones, P.C. accepted this case on a contingency fee agreement with the Representative Plaintiff, to which each of the opt-in Plaintiffs consented.  Pursuant to the contingency fee agreement, Gibbons Jones, P.C. is entitled to attorneys' fees equal to forty percent

(40%) of the total amount recovered. The settlement agreement provides for payment of that percentage to Gibbons Jones, P.C.  Counsel for Plaintiffs represent that the attorneys at Gibbons Jones, P.C. billed approximately 650 hours to this matter, at hourly rates ranging from $305.00 for Andrew Jones to $330.00 for Philip J. Gibbons, Jr.; and that using a lodestar calculation, the attorneys' fees billed by Gibbons Jones, P.C. exceed the percentage fee provided for in the settlement agreement.  To facilitate settlement, Gibbons Jones, P.C. has also agreed that the attorneys' fees amount provided for in the settlement agreement includes reimbursement of significant costs and expenses which it has already incurred and paid.  Gibbons Jones, P.C. has further agreed to pay any administration expenses which are in excess of the amount of the administration expenses provided for in the settlement agreement.

11.     The proposed settlement also includes payment of settlement administration fees to a third-party settlement administrator not to exceed a specified amount, above which Gibbons, Jones P.C. is exclusively responsible. The total cost of settlement administration will depend on logistical factors involved in disbursing settlement proceeds to 323 individuals located in approximately twenty states, issuance of IRS Forms W-2 and 1099, and transmission of payroll taxes, withholdings, and matching contributions to the IRS.

12.     The proposed settlement includes a payment to the Representative Plaintiff, in exchange for a full release of all claims and as a service payment for his representation on behalf of the Plaintiffs and his active assistance to counsel for Plaintiffs during this Action.

13.     Finally, the proposed settlement provides that no unclaimed amounts shall revert to the Defendant, but shall instead be paid to a *cy pres* fund which will be either redistributed to the Plaintiffs or donated to a specified tax-exempt nonprofit organization, depending on the amount left unclaimed.

14.     Factors indicating fairness are present, including the fact that the parties thoroughly investigated the issues; that the parties reviewed and analyzed thousands of payroll records; that the

parties conserved substantial time, expense, and judicial resources that would have been required had the case gone to trial; that the payment formulas provided in the settlement agreement are equitable and rational and provide for a range of individual payments based on length of service; and that, by settling, all of the 323 Plaintiffs are thereby assured a reasonable recovery on their claims, thereby avoiding the uncertainties associated with continued litigation.

WHEREFORE, the parties respectfully request the Court grant their Joint Motion, enter the Proposed Order attached as Exhibit B approving the Agreement, and afford the parties all other appropriate relief.

Dated: June 19, 2013

| | |
|---|---|
| s/ Philip J. Gibbons, Jr. | s/ Thomas J. Pilacek |
| Philip J. Gibbons, Jr. | Thomas J. Pilacek |
| pgibbons@gibbonsjones.com | tpilacek@pilacek.com |
| Andrew G. Jones | Thomas J. Pilacek & Associates |
| ajones@gibbonsjones.com | Winter Springs Town Center |
| GIBBONS JONES, P.C. | 158 Tuskawilla Road, Suite 2320 |
| 10401 N. Meridian Street, Suite 130 | Winter Springs, Florida 32708 |
| Indianapolis, Indiana 46290 | |
| | |
| Attorneys for Plaintiffs | Ellen E. Boshkoff |
| | ellen.boshkoff@FaegreBD.com |
| | FAEGRE BAKER & DANIELS LLP |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, Indiana 46204 |
| | |
| | Attorneys for Defendant |