# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff Jeff Keithley ("Keithley" or "Plaintiff"), individually and on behalf of all other persons who have timely filed an opt-in form (the "Opt-in Plaintiffs") in the Lawsuit[1], (Keithley and the Opt-in Plaintiffs are collectively referred to herein as the "Plaintiffs"), and Eclipse Advantage, Inc., individually, on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, estates, heirs, administrators, and all of their past and present members, managers, officers, directors, shareholders, insurers, benefit plans, employees, attorneys and agents (collectively, "Eclipse" or the "Defendant"). Plaintiffs and Defendant are sometimes referred to hereinafter as the "Parties."

## RECITALS

WHEREAS, on August 8, 2011, Keithley filed a Complaint with the Southern District of Indiana, Indianapolis Division, alleging violations of the Fair Labor Standards Act, Case No. 1:11-cv-1072-RLY-TAB, on behalf of himself and other similarly-situated employees of the Defendant (the "Lawsuit");

WHEREAS, the purpose of this Agreement is to settle fully and finally the Lawsuit and any and all claims and disputes between Plaintiffs and Defendant;

WHEREAS, Defendant denies all of the allegations made by Plaintiffs, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted or which could have been asserted in the Lawsuit and otherwise;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that any pay and/or overtime amounts were improperly unpaid to or withheld from any employees, Defendant has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, Plaintiffs' legal counsel has analyzed and evaluated the merits of the claims made against Defendant and the impact of this Agreement on Plaintiffs, and recognizing the substantial risks of continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and/or that would not occur for several years, Plaintiffs' legal counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties

---

[1] In addition to Keithley, 322 individuals timely filed opt-in forms and will participate in the settlement. One individual (Larry Dean, Sr.) who submitted an opt-in form settled his claims individually with Eclipse and has waived his right to participate in the instant settlement.

hereto agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

1. **Consideration**

    A.    In consideration for the promises and agreements made in this Agreement, Defendant shall make a single payment in the total amount of Four Hundred Seventy-Five Thousand Dollars and No Cents ($475,000.00) ["Payment"] to establish a Common Fund to be administered, apportioned and distributed as provided for herein, in full and complete satisfaction and payment of all claims under the Fair Labor Standards Act which were brought or which could have been brought in this Lawsuit, including claims for damages, liquidated damages, payroll taxes, costs, and attorneys fees ["Common Fund"]. The Payment shall be made to Gibbons Jones, P.C. Trust Account, within ten (10) days after this Agreement has been approved by the Court.

    B.    The parties agree that Defendant's sole and exclusive responsibility and obligation under this Agreement shall be to make the Payment establishing the Common Fund. After the Payment has been made Defendant shall have no other or further duty, responsibility, obligation, or liability under this Agreement; and neither Plaintiffs, Counsel for Plaintiffs, nor the Settlement Administrator shall have or seek recourse from Defendant for any claim or dispute arising from or related to this Agreement, its negotiation, or proceedings seeking its approval. Should any of the Plaintiffs or the Settlement Administrator assert a claim against Defendant which arises from or is related to this Agreement, its negotiation, or proceedings seeking its approval, Counsel for Plaintiffs agrees to defend and to hold Defendant harmless from any and all liability and expense.

    C.    In no event shall any portion of the Common Fund revert to Defendant. Counsel for Plaintiffs has determined, and Defendant has agreed, that payments from the Common Fund may and shall be apportioned and made as follows:

    (1)    **Payments to Plaintiffs:** For payment purposes only, Plaintiffs have been divided into "Subgroup 1" and "Subgroup 2." The Common Fund shall pay Plaintiffs the gross sum of Two Hundred Fifty-Five Thousand Four Hundred Sixty-Eight Dollars and Ninety-Four Cents ($255,468.94), to be apportioned as follows:

Subgroup 1 is comprised of Keithley and Opt-in Plaintiffs who were paid on a "percentage of revenue" basis. The individuals in Subgroup 1 shall receive alleged unpaid overtime for the time period calculated pursuant to the formula set forth in 29 C.F.R. 778.112, for employees who are paid a flat sum for a day's work without regard to the number of hours worked in the day. The number of overtime hours shall be calculated based upon the number of hours worked as reflected in Defendant's time keeping records, plus a uniform multiplier to compensate these Plaintiffs for additional alleged unrecorded overtime hours. For income and payroll tax purposes, the Parties agree that fifty percent of each of these Plaintiffs' payments shall be allocated as wages, which shall be subject to required withholdings and deductions and reported as wage income as required by law. The remaining fifty percent (50%) of each payment shall be allocated as liquidated damages, which shall not be subject to required withholdings and

2

deductions and shall be reported as non-wage income as required by law. The parties agree that for the W-2 wages paid to each of the Plaintiffs under this subsection, the employer's share of any relevant tax payments, FICA, FUTA, and Medicare shall be paid from the Common Fund.

Subgroup 2 is compromised of Opt-in Plaintiffs who performed work for Defendant at a single facility located in Elwood, Illinois. Defendant performed operations at the Elwood, Illinois facility during a 30 week period in 2012. The individuals in Subgroup 2 were compensated pursuant to a different pay plan than the individuals in Subgroup 1 and did not work as many overtime hours as the individuals in Subgroup 1. The individuals in Subgroup 2 will receive between $210.00 and $500.00 per person based upon the number of weeks worked by each individual during his or her tenure with Defendant. Pursuant to the settlement calculation, individuals in Subgroup 2 who worked for one week or less will each receive the minimum amount of $210.00. Individuals in Subgroup 2 who worked during the entire 30 week period will receive the maximum amount of $500.00. Individuals who worked more than 1 week, but less than 30 weeks will receive $200.00 plus $10.00 for each week worked. The parties agree that for the W-2 wages paid to each of the Plaintiffs under this subsection, the employer's share of any relevant tax payments, FICA, FUTA, and Medicare shall be paid from the Common Fund.

The Parties agree that the settlement administrator shall be responsible for issuing appropriate IRS Form W-2s and IRS Form 1099s to the Plaintiffs. In addition, the settlement administrator shall be responsible for transmitting withholdings and employer matching contributions to the IRS.

The Parties agree that counsel for Plaintiffs shall address and resolve all inquiries and/or complaints regarding distributions of settlement proceeds to Plaintiffs. Defendant shall be held harmless for any discrepancies, mistakes, or alleged inequities or improprieties regarding the calculation and/or payment of settlement proceeds to Plaintiffs.

The parties agree that Plaintiffs shall have One Hundred Eighty (180) days following the Court's approval of this Agreement to cash checks issued pursuant to this Agreement. In the event one or more Plaintiffs fail to timely cash their settlement proceeds at the conclusion of the One Hundred Eighty (180) day time period, that individuals' proportionate share of the settlement proceeds shall be deposited into a *cy pres* fund. If the *cy pres* fund exceeds Ten Thousand Dollars ($10,000.00), the proceeds shall be redistributed to the Plaintiffs who participated in the settlement on a pro rata basis. If the *cy pres* fund is Ten Thousand Dollars or less, the proceeds shall be donated to the National Employment Law Project, a national advocacy organization for employment rights of lower-wage workers.

The Parties agree that the settlement administrator shall be required to furnish a final report of distributions and expenses to the Parties and a copy of the final report shall be made available to the Court, if requested.

(2) **Service Payment to Jeff Keithley:** In addition to the amount set forth in subsection (1) above, Keithley shall receive the gross sum of Six Thousand Two Hundred

Ninety Dollars and Eighty-Eight Cents ($6,290.88) as a service payment for his representation on behalf of Plaintiffs which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. The parties agree that the Service Payment shall be paid from the Common Fund.

(3) **Attorneys' Fees and Litigation Costs**: Subject to approval by the Court, Defendant agrees that Plaintiffs' counsel may receive attorneys' fees and litigation costs in the amount of One Hundred Ninety Thousand Dollars ($190,000.00). The parties agree that attorneys' fees and litigation costs shall be paid from the Common Fund.

(4) **Settlement Administration Expenses:** The parties agree to utilize the services of Simpluris, Inc. for settlement administration. Simpluris, Inc. provided counsel for Plaintiffs with an estimate for performing these duties in the amount of Twenty Thousand to Twenty Seven Thousand Five-Hundred Dollars ($20,000.00 - $27,500.00). The parties agree that settlement administration expenses shall be paid from the Common Fund, not to exceed Twenty Thousand Dollars ($20,000.00). Counsel for Plaintiffs shall be exclusively responsible for all settlement administration expenses that exceed Twenty Thousand Dollars ($20,000.00). If expenses are less than Twenty Thousand Dollars ($20,000.00) any difference shall be redistributed to the Plaintiffs or placed in the *cy pres* fund as provided above.

D. With respect to any payments received by any of the Plaintiffs and Plaintiffs' legal counsel hereunder that are deemed or hereby agreed by the Parties not to be wage or payroll income (i.e. so-called "1099 income"), Plaintiffs and Plaintiffs' legal counsel, as the case may be, agree to and shall be solely responsible for payment of income taxes related thereto, and hereby agree to indemnify and hold harmless Defendant from and against any claims or liabilities, including attorneys' fees, incurred by Defendant with respect to income tax liabilities for such 1099 income.

2. **Appropriateness of Collective Class and Class Inclusion**

For settlement purposes only, Defendant agrees that: (a) The conditionally certified collective class is an appropriate FLSA collective class; (b) Keithley is an appropriate representative of the class; and (c) All of the opt-in plaintiffs are appropriately included within the collective class and are eligible to receive a payment from the Common Fund under this Agreement.

3. **Order of Dismissal with Prejudice**

Plaintiffs and Defendant will file a Stipulation of Dismissal with Prejudice within ten (10) days after Defendant makes the Common Fund Payment referenced above in Paragraph 1. A. Except as set forth in Paragraphs 1. A. through D. and 14., each party will be responsible for its or his own attorneys' fees and costs associated with this action.

4. **Release and Covenant Not to Sue**

Plaintiffs agree that they shall irrevocably and unconditionally release, acquit and forever discharge Defendant with respect to any wage and hour claims under the Fair Labor Standards

4

Act ("FLSA") relating to their employment or the provision of services with, to or for Defendant or any of them, including without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under the FLSA. Keithley also agrees that he shall irrevocably and unconditionally release, acquit and forever discharge Defendant with respect to any claims under state or federal law relating to any matter of employment or the provision of services with, to or for Defendant, including without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under any federal, state or local laws, including, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991, the National Labor Relations Act, and any Charge of Discrimination or other action under or that could be brought before the Equal Employment Opportunity Commission, during the time that he was employed by or otherwise performed services for Defendant, and will not commence, prosecute or participate in, either in concert or individually, any action or proceeding, whether legal, administrative, judicial or quasi-judicial, on behalf of himself or any other person or entity, asserting claims, against Defendant.

5. **Non-Admission**

Plaintiffs and Defendant agree that this Agreement does not constitute, and is not intended to be, and shall not be construed, interpreted, or treated in any respect, as an admission of any liability or wrongdoing by Defendant. Plaintiffs and Defendant further agree that this Agreement shall not be admissible in any proceeding without the written consent of the Parties or unless ordered by a court of competent jurisdiction, except one instituted by either Party alleging a breach of this Agreement.

6. **Entire Agreement; Authority and Binding Effect**

Plaintiffs and Defendant agree that this Agreement sets forth the entire agreement between the Parties and supersedes any prior or contemporaneous written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. No other promises or agreements shall be binding unless made in writing and signed by Plaintiffs and Defendant. Keithley hereby represents and warrants that he has full power and authority to execute and deliver this Agreement for and on behalf of each of the Opt-In Plaintiffs. By tendering for approval this Agreement in fully executed form to the court having jurisdiction over the Lawsuit, Plaintiffs' legal counsel represents and agrees that all Opt-In Plaintiffs are and shall be bound by and subject to this Agreement, whether or not the Opt-In Plaintiffs have actually executed this Agreement or any joinder hereto; and that approval of this Agreement by the Court shall operate as a supervised Waiver and Release of Plaintiffs' FLSA rights and claims asserted in the Lawsuit.

7. **No Waiver**

The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term, covenant and condition of this Agreement.



8. **Counterparts**

This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. Signatures to this Agreement may be transmitted by facsimile or telecopy or electronic scan and such signatures shall be deemed legally valid and binding upon the Party transmitting the same and such signatures shall be treated as originals.

9. **Arms-Length Transaction and Materiality of Terms**

The Parties have negotiated all the terms and conditions of this Agreement at arms-length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

10. **Captions**

The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

11. **Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

12. **Governing Law**

This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Indiana and the Venue for any actions arising under this Agreement shall be in the Superior Court of Marion County, Indiana.

13. **Invalidation**

A determination by a court of competent jurisdiction that any material portion of this Agreement is invalid or unenforceable shall invalidate this Agreement in its entirety, unless the Parties thereafter agree in writing that the remaining provisions shall remain in full force and effect.

14. **Breach**

In the event any of the Parties brings suit alleging breach of this Agreement, the prevailing party shall be entitled to recover its/his attorneys' fees, costs, and expenses from the non-prevailing party.

15. **Effect of Non-Finality**

If for any reason this Agreement is not approved by the Court, or the Lawsuit is not dismissed with prejudice, or this Agreement otherwise does not fully, finally and completely resolve the Lawsuit, then all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement, its negotiation, or proceedings seeking its approval shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the Lawsuit. Further in such event, the Parties shall not have waived, and expressly reserve, their respective rights and positions with regard to prosecution and defense of the Lawsuit as if this Agreement never existed.

16. **Media**

Keithley and counsel for Plaintiffs agree that they will not, and will not cause or encourage others, to (a) issue a press release relative to the settlement of this Lawsuit or the terms of this Agreement; or (b) provide to the media, or post on the internet, any statement relative to the settlement of this Lawsuit or the terms of this Agreement, except a statement to the effect that "On [Date to be inserted], 2013, the Court issued an order approving a negotiated settlement of the Lawsuit."

*[This remainder of this page intentionally left blank.*

*Signature page follows immediately.]*



7

In Witness Whereof, the undersigned Parties have executed and delivered this Settlement Agreement and Release of Claims as of the respective dates set forth by each Party's name below.

| Jeff Keithley, for himself and on behalf of all Opt-in Plaintiffs to the Lawsuit | ECLIPSE ADVANTAGE, INC. |
|---|---|
| _____ | By: _____, attorney |
| Date: _____ | Date: 6-12-13 |

8

In Witness Whereof, the undersigned Parties have executed and delivered this Settlement Agreement and Release of Claims as of the respective dates set forth by each Party's name below.

| Jeff Keithley, for himself and on behalf of all Opt-in Plaintiffs to the Lawsuit | ECLIPSE ADVANTAGE, INC. |
|---|---|
| *DocuSigned by:* *Jeff Keithley* FBA65C317D4B4F4... | By: _____ |
| Date: 6/12/2013 | Date: _____ |